IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMY JEFFERSON
#252972                                                                                                   PLAINTIFF

v.                                      4:22-cv-01025-LPR-JJV

SHAQUITA McFADDEN, Officer,
Pulaski County Regional Detention Facility; *et al.*                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Jeremy Jefferson ("Plaintiff"), who is a pretrial detainee at the Pulaski County Detention Facility ("PCDF") has filed a *pro se* Amended Complaint alleging numerous Defendants violated his constitutional rights as protected by 42 U.S.C. § 1983. (Doc. 5.) Specifically, he contends that on scattered dates from July 4, 2022 to November 12, 2022, Defendants McFadden, Robinson, Clark, Dennis, Conners, Devore, Jones, Stovall, Madrigal, Anderson, and Yakimovicz denied him access to: (1) showers, (2) cleaning supplies, (3) exercise/recreation time, (4) tablets, kiosks, and

written grievances, (5) mail, (6) phones, (7) the law library, and (8) his attorney.[1]  (*Id.*)

Defendants have filed a Motion for Summary Judgment arguing these claims should be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies.  (Docs. 46-48.)  Plaintiff has not filed a Response.  After careful consideration and for the following reasons, I recommend the Motion be granted, Plaintiff's claims be DISMISSED without prejudice, and this case be CLOSED.

## II.     SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465

---

[1] All other Defendants have been dismissed without prejudice due to a lack of service. (Doc. 49.)

2

(8th Cir. 2010).

### III. DISCUSSION

#### A. The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

#### B. PCDF's Grievance Policy

The PCDF's exhaustion procedure is found in Branch Directive D05-0001. (Doc. 48-5.) According to this Directive, a detainee must file a grievance with the Grievance Officer or other designee within fifteen days of the grieved matter. (*Id*. at 4.) The Directive does not require the detainee to name the involved parties, the date, or any other specific information. (*Id.*) And the

3

grievance can be filed on the computerized kiosk system or by completing a written form. (Doc. 48-1.) The Grievance Officer or designee must answer the grievance within ten working days, or sooner, if the grieved matter is deemed an emergency. (Doc. 48-5 at 5-6.) If the detainee is not satisfied, he or she may appeal to the Chief of Detention within ten working days. (*Id.* at 7.) The Chief of Detention or designee must respond to the appeal within five working days, and that decision is the final step in the grievance procedure. (*Id.*).

### C. Plaintiff's Grievances

Because Plaintiff did not timely respond to the Motion for Summary Judgment, the facts in Defendants' Statement of Facts (Doc. 48) are deemed admitted. *See* Local Rule 56.1(c); *Jackson v. Ark. Dep't of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001). Based on those admitted facts, summary judgment is appropriate because it is undisputed Plaintiff failed to properly exhaust his available administrative remedies. In the alternative, I find summary judgment is appropriate, based on the record before me, for the following reasons.

Sergeant Hill, who is the PCDF custodian of records, says in his sworn affidavit that although Plaintiff filed over fifty written grievances and requests about various matters, he did not file any regarding the claims raised in this lawsuit. (Doc. 48-1.) My review of the provided written grievances (Doc. 48-3) confirms that to be correct.

In the Amended Complaint, Plaintiff says that on an unknown date he filed a written grievance about an unspecified matter while he was on lock down. (Doc. 5 at 7.) Plaintiff says he has the "signed and dated receipt," that he went "as far as [he] could go with it," and that "they never answered it." (*Id.*) Plaintiff later filed in the record a "Receipt for Emergency Situations," which is only the bottom portion of a grievance form. (Doc. 39, Doc. 48-5 at 13.) That partial document says a non-party PCDF officer received an emergency grievance on July 7, 2022. (*Id.*)

But, because the top portion of the form containing the contents of the grievance is missing, it is impossible to tell if it raised a matter in this lawsuit. Further, although Plaintiff has had the opportunity to do so, he has not explained what he allegedly said in that written grievance or why he did not try to appeal or file a new written grievance when he failed to receive a response within ten working days. Additionally, the undisputed kiosk records demonstrate that in the days prior to and after July 7, 2022, Plaintiff used the PDCF's kiosk <u>hundreds</u> of times. (Doc. 48-4.) Plaintiff has not explained why he was unable to file an electronic grievance raising any of the claims he is attempting to bring in this lawsuit. *See* 42 U.S.C. § 1997e(a) (prisoners are only required to exhaust "available" administrative remedies); *Ross v. Blake*, 578 U.S. 632, 644 (2016) (administrative remedies are "unavailable" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").

  For these reasons, I find Plaintiff's assertion that at some point he filed a grievance about an unspecified matter too vague and unsubstantiated to create a genuine issue of material fact as to whether he properly exhausted his available administrative remedies.[2] *See Frevert v. Ford Motor Co.,* 614 F.3d 466, 473-74 (8th Cir. 2010) (to avoid summary judgment, "the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor"); *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 790-91 (8th Cir 2009) (a "plaintiff may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor, without resort to speculation, conjecture, or fantasy") (internal citations omitted); *Flemons v. Westbrook,*

---

[2] Even if the Court finds Plaintiff's July 7, 2022 document is a sufficient attempt at exhaustion, it would only apply to the July 4 to 7, 2022 claims Plaintiff raised against Defendants Conners and McFadden because all other claims occurred after July 7, 2022. (Doc. 5 at 7-8.)

5

No. 4:22-cv-00606-LPR-PSH, 2023 WL 6305827, at *4 (E.D. Ark. May 8, 2023), *rec. adopted* 2023 WL 6296981 (E.D. Ark. Sept. 27, 2023) (finding implausible prisoner's unsupported allegation that he filed a grievance, his copy was destroyed, and he received no response). Accordingly, I find Defendants are entitled to summary judgment, and I recommend this case be dismissed without prejudice.

I realize Plaintiff may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Eighth Circuit has explained this important role as follows:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Johnson*, 340 F.3d at 626-27; *see also Woodford*, 548 U.S. at 88 ("Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of [the agency's] procedures").

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. 46) be GRANTED, Plaintiff's claims against the remaining Defendants be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not

be taken in good faith.

Dated this 11th day of October 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE